UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KEITH DUANE ARLINE, JR.,
CDCR #T-13192,

Plaintiff,

vs.

H. PEREZ, Appeals Coordinator,
T. SORIANO, Facility Captain,
A. GREEN, Warden and
F. GUZMAN, Former Warden,

Defendants.

Case No.: 26cv4753-LL-SBC

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Plaintiff Keith Duane Arline, Jr. is a state inmate proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2.)

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. (ECF No. 3 at 4.) The document shows he had an average monthly balance of $147.37 and average monthly deposits of $148.22, with an available balance of $27.67. *Id.* The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses a $29.64 initial filing fee. However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff remains obligated to pay the entire $350 statutory fee in full pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1)&(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the Complaint

Plaintiff alleges that on August 6, 2025, while housed at Centinela State Prison, he filed a grievance complaining that after he observed a rodent/rat/field mouse jump from the inmates' cold sack lunches and be caught by an inmate kitchen worker in a wastebasket, the sack lunches were distributed to the inmates. (ECF No. 1 at 3, 5.) The grievance also

included a complaint that his housing unit has numerous wild birds living there which leave feces on surfaces touched and sat upon by inmates. (*Id.*) Defendant Perez, the Centinela Appeals Coordinator, "in retaliation disregarded facts and recorded proof, denied the prison grievance, exhibiting the approval of the 8th Amendment violation; risk to Plaintiff's health." (*Id.* at 2, 3.) Plaintiff alleges Perez chilled and silenced him from seeking redress in violation of the First Amendment by recklessly disregarding evidence supporting his grievance. (*Id.* at 3-4.) He alleges that Perez and Defendants Facility Captain Soriano, Warden Green and former Warden Guzman "failed to take reasonable steps to abate the problem" in violation of the Eighth Amendment by being deliberately indifferent to the risk to his health from unsanitary conditions of confinement by failing to prevent the spread of communicable infections and diseases without a legitimate penological justification. (*Id.* at 3-7.) He alleges Soriano, Green and Guzman personally participated in the violation because they had the opportunity to intervene and failed to do so. (*Id.* at 5-7.)

### C. Discussion

#### 1. Eighth Amendment claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones."), quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain.") A prisoner claiming an Eighth Amendment violation must allege: (1) the deprivation they suffered was "objectively, sufficiently serious;" and (2) a prison official acted with deliberate indifference to a serious risk to their health or safety in allowing that deprivation to take place. *Farmer*, 511 U.S. at 834.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, those

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quote marks omitted). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. In other words, they must not be devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (internal quote marks and citations omitted).

Plaintiff's allegations that he observed a rodent on one occasion and that birds have deposited feces on surfaces in his housing unit fail to plausibly allege that the duration or severity of the lack of sanitation rose to the level of an Eighth Amendment violation. *See Johnson*, 217 F.3d at 731 ("The circumstances, nature, and duration of a deprivation of [adequate sanitation] must be considered in determining whether a constitutional violation has occurred.") Although "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," the temporary imposition of such conditions does not state a claim absent allegations of a risk of harm. *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995); *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and conclusory allegations with the "mere possibility of misconduct" fall short of meeting this plausibility standard.)

Plaintiff alleges that Defendants Facility Captain Soriano should have known the birds and rodent posed a health risk, that Wardens Green and Guzman recklessly disregarded that health risk, and that they all were personally involved in the risk to his health because they "failed to take reasonable steps to abate the problem," and "had an alternative means to make corrections, but failed to utilize them such as ordering or set in motion the removal of the" wildlife. (ECF No. 1 at 5-7; ECF No. 1-2 at 3.) Plaintiff is required to allege facts which plausibly show each individual Defendant was personally involved in the alleged constitutional violation. *Jones v. Williams*, 297 F.3d 930, 934 (9th

Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.") A prisoner must allege "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Supervisors may only be held liable if they were "personally involved in the constitutional violation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

Plaintiff has not plausibly alleged facts showing that Defendants Facility Captain Soriano, Warden Green and former Warden Guzman were aware that a rodent was observed on one occasion or that birds drop feces in the housing unit, does not identify what reasonable steps or alternate means to abate the problem Plaintiff contends they were responsible for taking or adopting, and does not allege fact showing they were aware the infestation created a substantial risk to Plaintiff's health and deliberately disregarded that risk. As noted above, there are insufficient factual allegations in the Complaint that the presence of a single rodent and birds living in the housing unit plausibly allege a substantial risk to Plaintiff's health. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.")

Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

**2. First Amendment Retaliation Claim**

Plaintiff alleges he was retaliated against for filing his grievance because the arbitrary denial of the grievance by Appeals Coordinator Perez, who allegedly ignored

indisputable video evidence, had a chilling effect and silenced him from seeking redress. (ECF No. 1 at 4.) "Prisoners have a First Amendment right to file grievances against prison officials," *Watison*, 668 F.3d at 1114, and retaliation against a prisoner for filing grievances is an independent constitutional violation. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005) (footnote omitted). Plaintiff must allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *Watison*, 668 F.3d at 1114.

Plaintiff has not identified any adverse action taken against him because of the filing of the grievance, merely that his grievance was arbitrarily denied. *See Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was taken "because of" his protected conduct). Nor has he alleged any facts which plausibly show the denial of the grievance by Defendant Perez was in retaliation for filing the grievance. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity); *Iqbal,* 556 U.S. at 678 (holding that the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting the plausibility standard for pleading a § 1983 claim); *Hentz v. Ceniga*, 402 Fed.Appx. 214, 215 (9th Cir. 2010) (conclusory allegations of retaliation do not state a claim). Plaintiff has not plausibly alleged that his protected conduct was a "substantial" or "motivating" factor in the decision to deny his grievance. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff's First Amendment retaliation claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. To the extent Plaintiff intended to present a claim arising solely from

the allegations that his grievance was wrongly denied despite it being supported with indisputable evidence, he has failed to state a claim. "The Supreme Court has . . . held that to obtain a protectable right an individual must have a legitimate claim of entitlement to it, [but] there is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations and quote marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.")

**D. Leave to Amend**

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III. Conclusion and Orders**

Accordingly, good cause appearing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $29.64 initial filing fee and collecting the remaining balance of the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). The initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

/ / /

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: October 13, 2026

Honorable Linda Lopez
United States District Judge